Berehanu H. Challa, Esq., SBN 179405
LAW OFFICES OF BEREHANU H. CHALLA
1600 Adams Drive, Suite 217
Menlo Park, CA 94025
Tel. (650) 688-5786; Fax (650) 688-5787

Attorney for Plaintiff
REGINALD RANDOLPH, SR.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| REGINALD RANDOLPH, SR.<br><br>Plaintiff,<br><br>CITY OF EAST PALO ALTO, EAST PALO ALTO POLICE DEPARTMENT, OFF. BRIAN SCOTT FRAYER, SGT. KEVIN FUNG, OFF. STEPHEN KALB, and DOES 1 THRU 50,<br>Defendants. | CASE NO:<br><br>COMPLAINT<br>CIVIL RIGHTS, 42 U.S.C. SECTION 1983, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, NEGLIGENT HIRING, TRAINING AND SUPERVISION, BATTERY, FALSE ARREST, AND FALSE IMPRISONMENT. |

Plaintiff, REGINALD RANDOLPH, SR., alleges:

**JURISDICTION**

1. This action arises under 42 U.S.C. Section 1983. Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

**INTRADISTRICT ASSIGNMENT**

2. The claims alleged herein arose in City of East Palo Alto, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division. 28 U.S.C. Section 1391(b)(2).

**PARTIES**

3. Plaintiff REGINALD RANDOLPH, SR., as all times mentioned herein, sues on his own behalf, is the resident of San Mateo County and has capacity to sue or be sued..

4. Defendant, CITY OF EAST PALO ALTO, is and at all times herein mentioned was a

Municipal Corporation duly organized and existing under the law of the State of California with the legal capacity to sue and to be sued and liable for this lawsuit because the EAST PALO ALTO POLICE DEPARTMENT is legally organized and empowered as final authority for law enforcement in the CITY OF EAST PALO ALTO under the CITY OF EAST PALO ALTO CHARTER.

5. Defendant, EAST PALO ALTO POLICE DEPARTMENT, is a public agency legally organized and established with the power of law enforcement public policy or custom final authority in the CITY OF EAST PALO ALTO under the Charter of the CITY OF EAST PALO ALTO, CALIFORNIA GOVERNMENT CODE and the CONSTITUTION OF CALIFORNIA as interpreted and implemented by Federal and California Case Laws.

6. Defendant POLICE OFFICER BRIAN SCOTT FRAYER, (hereinafter Defendant FRAYER) was at all times herein mentioned, a police officer for the CITY OF EAST PALO ALTO and is sued herein in his individual and official capacities.

7. Defendant POLICE OFFICER STEPHEN KALB, (hereinafter Defendant KALB) was at all times herein mentioned, a police officer for the CITY OF EAST PALO ALTO and is sued herein in his individual and official capacities.

8. Defendant SERGEANT KEVIN FUNG, (hereinafter Defendant FUNG) was at all times herein mentioned, a sergeant for the CITY OF EAST PALO ALTO and is sued herein in his individual and official capacities.

9. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF EAST PALO ALTO.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

12. Defendants DOES 1 - 50, are each responsible in some manner for the damages

alleged herein. The true names and capacities of Defendants DOES 1 -50, are presently unknown to Plaintiff. Plaintiff is informed and believe and therefore alleges on information and belief, that each of them is responsible in some manner for the damages alleged herein. Plaintiff therefore sues Defendants DOES 1 - 50, by such fictitious names and will seek leave to amend this complaint to add their true names when the same have been ascertained.

**COMMON ALLEGATIONS**

13. Plaintiff was arrested illegally on October 25, 2005, acquitted and released by the Superior Court of California for the County of San Mateo on June 20, 2006. During the arrest, Officer Frayer clipped plaintiff on his ankles, snatched on plaintiffs' hand cuffed arms propelling plaintiff to the black top pavement on plaintiffs' face, causing multiple injuries to plaintiff's head, face, disfigurement of lower lip, which required stitches, breaking two teeth, and causing serious back, neck, elbows and left shoulder injuries. Plaintiff was taken by emergency medical ambulance and treated at the San Mateo General Hospital, where he was diagnosed with closed head injury, fractured tooth, simple laceration of the forehead, simple laceration of the lip, abrasion of the face, abrasion of the left shoulder, contusion of the left shoulder, contusion of the left elbow, strain of the neck and back. Plaintiff was prescribed with antibiotic and Ibuprofen for the injuries he sustained due to the wrongful conducts of Officer Frayer. Plaintiff is currently under a physician's medical care. Plaintiffs' car was impounded and sold. Plaintiff also lost all of his personal belongings that were in his car at the time of impoundment. While in custody four to six months, plaintiff was x-rayed and diagnosed with three herniated disk in his upper neck and back by the Count Jail Medical Physician.

14. As a result the EAST PALO ALTO POLICE DEPARTMENT POLICE OFFICERS' wrongful conducts against Plaintiff, Mr. Randolph was forced to seek professional services to put under control the severe physical and mental anguish he suffers. Plaintiff lost many items in his impounded car. Plaintiff's impounded car was sold.

15. The acts and omissions of the defendants and each of them were oppressive and

malicious and each of them acted with reckless or callous indifference to the rights of Plaintiff Mr. Randolph. As a direct and proximate result of defendants' acts and omissions, Plaintiff suffered injuries to his reputation, defamation of his character, emotional and mental anguish, monetary damages and loss of his civil rights guaranteed under the United States and California State Constitutions.

16. On or about July 12, 2006, Plaintiff presented a timely claim for damages to the CITY OF EAST PALO ALTO pursuant to the California Tort Claims Act, California Government Code section 900 et. Seq. On or about July 13, 2006, the CITY OF EAST PALO ALTO rejected plaintiff's claims. This lawsuit is brought within the time allowed by California Government Code section 945.6. Therefore, this lawsuit is not affected by the relevant statute of limitations.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**(42 U.S.C. SECTION1983)**
**(For Violation Of Plaintiff's**
**Fourth and Fourteenth Amendment Rights)**
**(Against Defendants Police**
**Officer Brian Scott Frayer and**
**Police Officer Stephen Kalb)**

17. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 16.

18. Defendants POLICE OFFICER BRIAN SCOTT FRAYER and POLICE OFFICER STEPHEN KALB, acted under color of state law to deprive Plaintiff of constitutionally protected rights including but not limited to the:

(a) The right to be free from unreasonable searches and seizures as guaranteed by the fourth amendment to the United States Constitution;

(b) The right to be free from the use of excessive force by police officers, which is guaranteed by the fourth, fifth and fourteenth amendments to the United States Constitution;

(c) The right not to be deprived of life, liberty, or property without due process of law as guaranteed by the fifth and fourteenth amendments to the United States Constitution;

(d) The right to equal protection of the laws as guaranteed by the fourteenth amendment to the United States Constitution; and

(e) The right to be free from interferences with the zone of privacy protected by the fourth and ninth amendments to the United States Constitution.

WHEREFORE Plaintiff prays as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**Monell's Ruling**
**(Against City of East Palo Alto,**
**East Palo Alto Police Department,**
**and Sergeant Kevin Fung)**

19. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 18.

20. As against Defendants City of East Palo Alto, and/or East Palo Alto Police Department, and/or Sergeant Kevin Fung, and/or Does 1 through 50 in their individual and official capacities, Plaintiff further alleges that the acts and/or omissions alleged in the complaint herein are indicative and representative of a repeated course of conduct by members of the East Palo Alto Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the use of excessive force and the disregard for the constitutional rights of citizens.

21. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants City of East Palo Alto, East Palo Alto Police Department, Sergeant Kevin Fung and Does 1 through 50, and/or each of them, to repeated acts of Police Officers' misconduct which were tacitly authorized, encouraged or condoned by the City of East Palo Alto, East Palo Alto Police Department, Sergeant Kevin Fung and Does 1 through 50, and each of them.

22. The injuries to Plaintiff were foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants City of East Palo Alto, East Palo Alto Police Department, Sergeant Kevin Fung and Does 1 through 50, and each of them.

23. Plaintiff is further informed and believes and thereon allege that the injuries and

damages sustained by Plaintiff, as alleged herein, were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the East Palo Alto Police Department.

24. Plaintiff is further informed and believes and upon such information and belief allege that the damages and injuries suffered by Plaintiff were caused by customs, policies, patterns or practices of the City of East Palo Alto, East Palo Alto Police Department, Sergeant Kevin Fung and Does 1 through 50, and each of them, of deliberate indifference in training, supervision and/or discipline of Police Officers and Does 1 through 50, and/or each of them.

25. The aforementioned customs, policies or practices of Defendants City of East Palo Alto, East Palo Alto Police Department, Sergeant Kevin Fung and Does 1 through 50, and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including, but not limited to, the following:

(a) the right to be free from unlawful search and seizure, and excessive force;

(b) the right to be free from discrimination based on race and/or gender; and/or

(c) the right to equal protection of the law.

26. Said rights are substantive guarantees under the Fourth and Fourteenth Amendments of the United States Constitution.

**<u>THIRD CAUSE OF ACTION</u>**
**(For Violation of U.S.C. Section 1981**
**(Against Police Officer Brian Scott Frayer,**
**Police Officer Stephen Kalb and Does 1-50)**

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26.

28. Defendant POLICE OFFICER BRIAN SCOTT FRAYER, POLICE OFFICER STEPHEN KALB and DOES 1 - 50, in committing the acts described above, engaged in the racially discriminatory misuse of government power;

29. The above-described acts of defendants, and each of them, further deprived Plaintiff of the right protected pursuant to 42 U.S.C. section 1981, to the full and equal benefit of all laws

and proceedings for the security of persons and property as is enjoyed citizens of the United States, and to be subjected to like punishment, pains penalties, taxes, licenses, and exactions of every kind, and to no other; and

30. The conduct of defendants, and each of them, was committed with the intent to deprive Plaintiff of the above-described rights.

31. As a result of the violation of Plaintiff's constitutional rights as alleged herein, Plaintiff suffered injuries and damages, including, but not limited to, pain and suffering; emotional distress; loss of enjoyment of life; special damages, including, but not limited to, future income.

WHEREFORE Plaintiff prays as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(False Arrest and Imprisonment)**
**(Against Police Officer Brian Scott Frayer and Police Officer Stephen Kalb and Does 1 - 50)**

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31.

33. Defendant OFFICER BRIAN SCOTT FRAYER, OFFICER STEPHEN KALB and DOES 1-50 falsely arrested and imprisoned Plaintiff REGINALD RANDOLPH without probable cause. Defendants, and each of them, failed to observe proper police procedures in arresting and imprisoning Plaintiff REGINALD RANDOLPH, and exceeded the limits of their authority as police officers in arresting Plaintiff without probable cause, using excessive and unnecessary forces against Plaintiff.

WHEREFORE Plaintiff prays as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**Battery by Police Officer**
**(Against Officer Brian Scott Frayer)**

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33.

35. In doing the acts complained of herein, Defendant POLICE OFFICER BRIAN SCOTT FRAYER intentionally committed harmful and offensive contact to Plaintiff's person.

36. As a result of Defendants' harmful and offensive contact committed with malice to Plaintiff's person, Plaintiff suffered serious personal injuries and damages. Defendant FRAYER'S harmful and offensive acts were the direct and proximate cause of Plaintiff's personal injuries and damages.

WHEREFORE Plaintiff prays as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of Unruh Civil Rights Act.**
**California Civil Code section 51.7)**
**(Against Officer Brian Scott Frayer**
**and Officer Stephen Kalb)**

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 36.

38. Defendants POLICE OFFICER BRIAN SCOTT FRAYER and POLICE OFFICER STEPHEN KALB who arrested and imprisoned Plaintiff REGINALD RANDOLPH, in committing the acts described above, engaged in the racially-motivated misuse of government power.

39. The above-described acts of Defendants, and each of them, further deprived Plaintiff of the right protected pursuant to Unruh Act, California Civil Code section 51.7 which state:

> All persons within the jurisdiction of this State have the right to be free from any violence, or intimidation by threat of violence, committed against their persons, or property because of their race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute, or because another person perceives them to be one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative

rather than restrictive**. California Civil Code Section 51.7.**

40. The conduct of Defendants, and each of them, was committed with the intent to deprive Plaintiff of the above-described rights. As a direct and proximate result, Plaintiff suffered serious damages to his reputation and material damages.

WHEREFORE Plaintiff prays as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against Officer Brian Scott Frayer**
**and Officer Stephen Kalb)**

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 40.

42. The conduct of the POLICE OFFICER BRIAN SCOTT FRAYER and POLICE OFFICER STEPHEN KALB who arrested and imprisoned and intentionally committed harmful and offensive contact to Plaintiffs' person, was outrageous and beyond the scope of conduct which should be tolerated by citizens in a free and democratic society. The OFFICERS committed the outrageous acts aforementioned with the intent to inflict severe mental and emotional distress upon Plaintiff.

43. As a proximate result of Defendants' willful intentional and malicious conduct, Plaintiff was seriously injured in his health, strength, and activity, sustaining injury to his body, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering.

44. As a proximate result of Defendants' willful, intentional and malicious conduct, Plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of general and punitive damages.

WHEREFORE Plaintiff is entitled to an award as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress)**
**(Against All Defendants)**

45. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44.

46. At all times herein mentioned, Defendants were subject to a duty of care, to avoid causing unnecessary infliction of emotional distress to citizens in the exercise of the Police functions. The conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable crime investigating officers.

47. As a direct, proximate and foreseeable result of intentional or negligent acts of Defendants, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and continues to suffer extreme emotional and physical distress, and continues to suffer extreme emotional and physical distress, all to his general and special damages in an amount to be proven

WHEREFORE Plaintiff prays as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**(Negligence)**
**(Against Officer Brian Scott Frayer and Officer Stephen Kalb)**

48. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 47.

49. At all times herein mentioned, Defendants POLICE OFFICER BRIAN SCOTT FRAYER and POLICE OFFICER STEPHEN KALB were subject to a duty of care, to avoid causing unnecessary harm and risk to citizens in the exercise of the police functions. The conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by a reasonable crime investigating officers, thereby proximately causing Plaintiffs to suffer battery, false arrest and imprisonment, infliction of emotional distress, trespass to personal property and civil rights violations.

50. At all times herein mentioned, Defendants POLICE OFFICER BRIAN SCOTT FRAYER, POLICE OFFICER STEPHEN KALB and DOES POLICE OFFICERS individually and/or acting in concert with one another negligently committed an outrageous act against Plaintiff which is not tolerated by this civilized society.

**TENTH CAUSE OF ACTION**
**(Negligent Hiring, Training and Supervision)**
**(Against City East Palo Alto and East Palo Alto Police Department)**

51. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 50.

52. Defendants CITY OF EAST PALO ALTO AND THE EAST PALO ALTO POLICE DEPARTMENT owes a duty of care to its residents, including Plaintiff, to hire, train, supervise

and control its police officers through the East Palo Alto City Police Department and its Chief, including the high ranking police officers, to maintain peace, security and order within the City of East Palo Alto.

53. Defendants CITY OF EAST PALO ALTO AND THE EAST PALO ALTO POLICE DEPARTMENT negligently breached its duty of care to hire, train, supervise and control its Police Officers when its Police Officers, including POLICE OFFICER BRIAN SCOTT FRAYER and POLICE OFFICER STEPHEN KALB, without warrant, illegally searched Plaintiff's person and automobile, arrested, imprisoned and impounded his car disturbing Plaintiff's peace and security, without probable cause.

54. As a direct, proximate and foreseeable result of the carelessness and negligence of Defendants CITY OF EAST PALO ALTO and EAST PALO ALTO POLICE DEPARTMENT, and each of them, in the hiring, training and supervision of Defendants POLICE OFFICER BRIAN SCOTT FRAYER and POLICE OFFICER STEPHEN KALB, Plaintiff REGINALD RANDOLF suffered multiple injuries. Plaintiff did suffer severe personal injuries; was injured in health, strength and activity, was made sick, sore, lame and disabled, and suffered other injuries to his body and shock and injury to his nervous system. The exact nature and extent of are unknown to Plaintiff at this time, and Plaintiff prays leave to amend and insert the same herein when fully ascertained.

55. By reason of the acts and omissions of Defendants, Plaintiff has incurred and will in the future incur expenses for medical care and treatment in an amount which he does not know at this time and prays leave to amend and insert the same herein when fully ascertained.

56. Prior th the incident that gave rise to this action, Plaintiff was gainfully employed and that by reason of the carelessness and negligence of Defendants, Plaintiff has been and will be unable to follow his usual occupation resulting in financial loss to Plaintiff which he does not know at this time and prays leave to amend and insert the same herein when fully ascertained.

57. By reason of the acts and omissions of Defendants, Plaintiff also sustained general

damages in an amount within the unlimited jurisdiction of this Superior Court.

WHEREFORE Plaintiff prays as hereinafter set forth.

## STATEMENT OF DAMAGES

58. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57.

59. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff is entitled to recover for the damages and injuries, including, but not limited to:

(a) General damages, including, but not limited to damages for pain;

(b) Special damages, including, but not limited to damages for future income, lost of wages and medical expenses;

60. The acts and/or omissions of Defendants Officer Brian Scott Frayer and Officer Stephen Kalb, and each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiff. Accordingly, Plaintiff pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

61. Plaintiff will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. Section 1983 and 1988 and/or under other statutes and/or laws.

## JURY TRIAL DEMAND

62. Plaintiff hereby demands a jury trial.

## PRAYER

**WHEREFORE,** Plaintiff prays for judgement against Defendants, and each of them as follows:

1. General damages to be determined according to proof;
2. Special damages including, but not limited to past, present and/or future wages

loss, income and medical expenses;

3. Attorneys' fees pursuant to statutes;

4. Costs of suit;

5. Punitive and exemplary damages in amounts to be determined according to proof as to defendants OFFICER FRAYER AND OFFICER KALB;

6. For prejudgement interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

Dated: December 5, 2006 LAW OFFICES OF BEREHANU H. CHALLA

By:(S)Berehanu H. Challa
Berehanu H. Challa, Esq.
Attorney for Plaintiff
REGINALD RANDOLPH