IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REGINALD RANDOLPH, SR.,

    Plaintiffs,

  v.

CITY OF EAST PALO ALTO, et al.,

    Defendants.
                                      /

No. C 06-07476 SI

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND QUASHING IMPROPER SERVICE ON DEFENDANT FRAYER**

Defendants have filed motions to dismiss the state law claims against them and to dismiss all claims against defendant Frayer based on improper service of process. Hearing on the motion is currently scheduled for April 27, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that defendants' motions are appropriate for resolution without oral argument and hereby VACATES the April 27, 2007 hearing. For the following reasons and for good cause shown, the Court DENIES defendants' motions to dismiss, but quashes the improper service of process against defendant Frayer, without prejudice to proper re-service.

**The Case Management Conference scheduled for April 27, 2007 remains on calendar.**

**BACKGROUND**

According to the complaint, plaintiff was "arrested illegally" on October 25, 2005, was later acquitted, and was in custody in San Mateo County Jail from October 25, 2005 to June 20, 2006. Complaint, ¶ 13. Plaintiff alleges that during the arrest, defendant Frayer tripped plaintiff while snatching plaintiff's cuffed hands, propelling plaintiff to the ground and causing injuries to plaintiff's head, face, lip, teeth, back, neck, elbows and left shoulder. Complaint, ¶ 13. Plaintiff alleges that he

was taken by ambulance to San Mateo General Hospital, where he was treated for his injuries. *Id.* While in custody, plaintiff alleges that he was diagnosed with three herniated discs in his upper neck and back area. *Id.* Plaintiff alleges that as of December 6, 2006, the date he filed his complaint, he was still under the care of a physician for the injuries he sustained on October 25, 2005. *See id.* Plaintiff further alleges that his car was impounded and sold, and that he lost all of his personal belongings that were in the car at the time it was impounded. *Id.*

On July 13, 2006, plaintiff filed a claim with the City of East Palo Alto seeking $6,016,100.00 in damages. Declaration of Minette Warren, Ex. A. The City of East Palo Alto returned the claim on July 13, 2006, stating that plaintiff did not file the claim within the time allowed by law. *See id.*, Ex. B. Plaintiff filed a request for permission to file a late claim to the City Council of East Palo Alto on August 10, 2006. *See id.*, Ex. C. In the request, plaintiff stated that he sought permission to file such a claim despite his belief that his initial claim was timely filed. *See id.* The City Council sent plaintiff a letter on December 7, 2006, stating: "Notice is hereby given that the claim for damages you presented to the City of East Palo Alto on July 12, 2006, was rejected by the City Council on November 8, 2006." Opposition to 12(b)(6), Ex. E. The letter also informed plaintiff that "[s]ubject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6." *Id.* [1] Plaintiff filed his complaint in this Court on December 6, 2006, alleging violations of 42 U.S.C. §§ 1981 and 1983; false arrest and imprisonment; battery; violation of California Civil Code § 51.7; intentional and negligent infliction of emotional distress; general negligence; and negligent hiring, training and supervision.

Defendants now move to dismiss plaintiff's state law causes of action for failure to comply with the California Tort Claims Act's presentment requirements; to dismiss plaintiff's claim of false arrest and imprisonment for failure to state a claim upon which relief can be granted; and to dismiss plaintiff's

---

[1] Attached to the declaration of Minette Warren supporting their motion to dismiss for failure to present a claim, defendants provided copies of plaintiff's July 12, 2006 claim; of the City of East Palo Alto's July 13, 2006 letter stating that the claim was late; and of plaintiff's August 10, 2006 request for permission to file a late claim. Although Ms. Warren's declaration stated that "plaintiff's request to file a late claim was denied by the City Counsel on November 8, 2006," the December 7, 2006 letter denying the claims was <u>not</u> supplied to the Court with the declaration. Rather, it was supplied by plaintiff's counsel in his opposition to defendants' motion.

2

claims as they pertain to Officer Frayer pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process.

**LEGAL STANDARD**

**1.      Rule 12(b)(6) – Failure to state a claim**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**2.      Rule 12(b)(5) – Insufficient service of process**

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal resulting from insufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Federal Rule of Civil Procedure 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th. Cir. 2004).

Rule 4 provides four alternatives for service of individuals. Service is effective pursuant to (1)

the law of the state where the district court is located or of the state where service is effected, *see* Fed. R. Civ. P. 4(e)(1); (2) by delivering a copy of the summons and of the complaint to the individual personally, *see* Fed. R. Civ. P. 4(e)(2); (3) by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, *see id.*; or (4) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, *see id*.

If the plaintiff is unable to satisfy its burden of demonstrating effective service, the Court has discretion to either dismiss or retain the action. If the Court decides not to dismiss, it quashes the ineffective service that has been made on the defendant and provides the plaintiff the opportunity to serve the defendant again effectively. *See Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

## DISCUSSION

**1.     Motions to dismiss**

Defendants assert two grounds for dismissing several of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). First, defendants assert that plaintiff failed to comply with the presentment requirements prescribed by the California Tort Claims Act with regard to all state law causes of action. Second, defendants assert that plaintiff's complaint fails to state a claim of false arrest and imprisonment upon which relief can be granted.

**A.     Motion to dismiss for failure to meet presentment requirements**

Defendants argue that plaintiff's state law causes of action are barred by his failure to comply with the presentment requirements of the California Tort Claims Act. In particular, defendants argue that plaintiff failed to present his claims to the City of Palo Alto within the six month time-frame mandated by section 911.2 of the California Government Code. For the following reasons, the Court will deny the motion.

The California Tort Claims Act provides, in pertinent part, that "no suit for money or damages may be brought against a public entity on a cause of action [against a public entity or employee] until

4

a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . ." Cal. Gov. Code § 945.4.

California Government Code § 911.2 defines the timeliness requirements for presenting such claims to a public entity under the California Tort Claims Act. It states:

> A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action.

*Id.* § 911.2. If a claim is presented later than the deadlines provided by section 911.2, section 911.3 provides that the public entity "may, at any time within 45 days after the claim is presented, give written notice to the person presenting the claim that the claim was not filed timely and that it is being returned without further action." *See id.* § 911.3.

Section 911.4 provides a way around the timeliness requirements of section 911.2. It states, in pertinent part: "When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim." *Id.* § 911.4. Section 911.6 provides that the public entity "shall grant or deny the application within 45 days after it is presented to the board." *Id.* § 911.6. If the public entity denies leave to present the claim, it is required to give written notice to the claimant, and the notice "shall include a warning in substantially the following form":

> WARNING: If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. Such petition mst be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.

*Id.* § 911.8.

Once a claim is timely presented, or presented with leave to present a late claim, the public entity then considers and acts on the claim. *See id.* §§ 912.4, 912.6. If a claim is rejected, the public entity must provide written notice. *See id.* § 913. "Such notice may be in substantially the following form:"

> Notice is hereby given that the claim which you presented to the (insert title of board or officer) on (indicate date) was (indicate whether rejected, allowed, allowed in the amount of $_____ _____ and rejected as to the balance, rejected by operation of law, or other appropriate language, whichever is applicable) on (indicate date of action or rejection

5

by operation of law).

*Id.* Section 913 also requires that a rejection notice state:

> Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

### WARNING

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

*Id.*

Plaintiff in this case presented his claim to the City of East Palo Alto on July 12, 2006. Defendants rejected his claim on July 13, 2006, "because it was not presented within six months after the event or occurrence as required by law. . . . Because the claim was not presented within the time allowed by law, no action was taken on the claim." Warren Declaration, Ex. B. The notice of rejection also advised plaintiff that: "Your only recourse at this time is to apply without delay to the City of East Palo Alto, City Council for leave to present a late claim." *Id.*

Plaintiff sought leave from the City Council to present a late claim on August 10, 2006. As discussed, on December 7, 2006, the City Council sent plaintiff a letter stating: "Notice is hereby given that the claim for damages you presented to the City of East Palo Alto on July 12, 2006, was rejected by the City Council on November 8, 2006." Oppo., Ex. E. The letter also informed plaintiff that "[s]ubject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6." *Id.*

The December 7, 2006 letter from the City Council thus used the statutory language mandated by section 913. As discussed, section 913 provides the language to be used in a notice rejecting a claim on its merits; section 911.8 provides the language to be used in a notice rejecting an application for leave to file a late claim. Furthermore, the December 7, 2006 letter stated that "the claim for damages you presented . . . was rejected by the City Council." Oppo., Ex. E. It does not mention acceptance or rejection of plaintiff's "application" for leave to file a late claim. It thus appears, on the face of the December 7, 2006 letter, that the City Council addressed the merits of plaintiff's claim, rather than

6

rejecting it as untimely.[2] The City Council therefore implicitly granted plaintiff's application for leave to file a late claim. Consequently, plaintiff's failure to comply with the requirements of section 911.2 is a moot issue.

Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's state law claims for failure to meet the California Tort Claims Act's presentment requirements.

### B. Motion to dismiss plaintiff's false arrest and imprisonment cause of action

In their reply, defendants argue that plaintiff's claim of false arrest and imprisonment must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the arresting officers had probable cause to arrest plaintiff. *See* Reply in Support of 12(b)(6) Motion at 4. Defendants did not raise this argument in their motion.

As an initial matter, the Court is disinclined to consider arguments raised for the first time in a reply brief. *See Competitive Technologies, Inc. v. Fujitsu Ltd.*, 333 F. Supp. 2d 858, 863 (N.D. Cal. 2004); *see also United States v. Boggi*, 74 F.3d 470, 478 (3d Cir.1996) (noting that considering arguments raised for first time in reply brief deprives opposing party of adequate opportunity to respond).

Furthermore, whether the defendants had probable cause to arrest plaintiff is a factual dispute, which cannot be decided on a motion to dismiss.[3] *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff alleges that defendant officers Frayer and Kalb arrested plaintiff without "probable cause." *See* Complaint, ¶ 33. This allegation is sufficient to state a claim, at this point.

For the foregoing reasons, the Court DENIES defendants' motion to dismiss plaintiff's claim

---

[2] For this reason, defendants' failure to include the letter with their moving papers was potentially misleading.

[3] The tort of false imprisonment consists of the "nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (Cal. 1994). Pursuant to California Penal Code § 847(b)(1), a police officer shall not be held civilly liable for false arrest if he or she was acting within the scope of his or her authority, and if the arrest was lawful, or if the police officer had reasonable cause to believe the arrest was lawful at the time of the arrest. Reasonable cause to arrest exists when the facts known to the arresting officer would lead a reasonable person to have a strong suspicion of the arrestee's guilt. *People v. Mower,* 28 Cal. 4th 457, 473 (Cal. 2002).

7

1 of false arrest and imprisonment.

### 2. Motion re insufficient service of process

Defendants seek to dismiss all claims against defendant Officer Frayer for insufficient service of process, since at the time all of the defendants were served via the secretary at the East Palo Alto Police Department headquarters, Officer Frayer no longer worked there.

The United States Marshals Service served plaintiff's complaint on defendants on February 13, 2007. *See* Docket No. 7. Process was received by secretary Irma Martinez at the City of East Palo Alto Police headquarters on February 13, 2007. *See id.* Martinez signed the Process Receipt and Return forms for the City of East Palo Alto, the City Attorney for the City of East Palo Alto, the East Palo Alto Police Department, Officer Stephen Kalb, and Officer Brian Scott Frayer. *See id.* Defendants argue that process was insufficiently served on Frayer because his employment with the City of East Palo Alto ceased on September 12, 2006. *See* Rule 12(b)(5) Motion, Martin Decl., ¶ 2.

Both the Federal and California Rules of Civil Procedure provide for service at Frayer's place of business. *See* Fed. R. Civ. P. § 4(e)(2); Cal. Code Civ. P. § 415.20(b). However, because Frayer no longer worked where process was served, service was not effectuated properly. *See* Fed. R. Civ. P. § 4(e)(2); Cal. Code Civ. P. § 415.20(b). That Martinez accepted the service of process for Frayer does not indicate that service was proper.

However, the Court does not dismiss the claims against defendant Frayer. The Ninth Circuit has held that:

> [F]ailure to comply with [the] personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.

*Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Defendant Frayer is represented by the same attorneys who are representing the other defendants in this case, and Frayer makes no argument that he has been prejudiced by the defect in service. Further, plaintiff presents a justifiable excuse for failure to properly serve Frayer. Plaintiff did not know that Frayer was no longer employed as an East Palo Alto Police Officer, and the City of East Palo Alto, through Martinez, accepted plaintiff's service of

8

Frayer. Plaintiff thus had no indication that service was not proper until this motion was filed. Finally, plaintiff would be substantially prejudiced if his complaint against defendant Frayer was dismissed, because the Tort Claims Act's statute of limitations for filing a complaint might have expired. *See* Cal. Gov. Code § 945.6.

Therefore, the Court DENIES defendant Frayer's 12(b)(5) motion to dismiss for insufficient service, QUASHES the ineffective service, and ORDERS plaintiff to effectuate proper service on defendant Frayer.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' 12(b)(6) motion to dismiss and DENIES defendant Frayer's 12(b)(5) motion to dismiss, instead quashing the insufficient service of process and ORDERING plaintiff to effectuate proper service on defendant Frayer pursuant to Rule 5(b)(1).

**IT IS SO ORDERED.**

Dated: April 26, 2007

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California