1
2
3
4
5                        IN THE UNITED STATES DISTRICT COURT
6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    REGINALD RANDOLPH SR,                        No. C 06-07476 SI
9              Plaintiff,                          **ORDER RE: DISCOVERY**
10     v.
11   CITY OF EAST PALO ALTO, et al.,
12              Defendants.
                                            /
13
14        Plaintiff Reginald Randolph, Sr., has requested that the Court intervene in a discovery dispute
15   between the parties.  Plaintiff asks the Court to compel defendant Brian Frayer to answer questions
16   during his deposition regarding his prior uses of excessive force.  Also before the Court is the related
17   matter of defendants' objections to the production of police department files regarding defendants
18   Frayer, Kevin Fung, and Stephen Kalb.  The parties stipulated to the Court's in camera review of these
19   documents to determine if they were subject to various privileges.  Defendants have stated that if the
20   Court rules that these files must be produced, defendants will cease their objection to deposing Frayer
21   regarding his prior employment history.  In addition, plaintiff has asked the Court to order Frayer to
22   resubmit responses to certain special interrogatories.
23
24                                   **DISCUSSION**
25   **1.      Allegedly privileged documents and subject matters**
26        Questions of privilege regarding federal civil rights cases are resolved by federal law.  *Garret*
27   *v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987); *Kerr v. U.S. Dist. Ct. for*
28   *the Northern Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975).  Defendants argue that the disclosure of

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

personnel documents of defendants Frayer, Fung, and Kalb would violate the official information privilege, the deliberative process privilege, the self-critical analysis privilege, and the officers' right of privacy.  Defendants also argue that Frayer may not be asked about his employment history and prior use of excessive force for the same reasons.  As discussed below, none of these privileges apply to the information requested by plaintiff.

As an initial matter, the Court notes that some of the documents submitted for in camera review were not actually requested by plaintiff.  Plaintiff requested documents relating to defendants' training, excessive force complaints filed by the public, and disciplinary actions taken by the police department as a result of excessive force complaints.  Accordingly, the documents submitted for review that are not related to these requests, such as complaints about defendant Frayer's attitude toward the public (PSI 2003-10, PSI 2004-02, PSI 2004-08, and I.A. 2005-08) and complaints filed by an Officer Khoury against defendant Fong, need not be disclosed and are not likely to lead to relevant and admissible evidence.

The official information privilege is a privilege recognized by federal common law, and the personnel files of government employees are considered official information.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages."  *Id.* at 1033-34.  At least in civil rights cases such as this one, this balancing test "is moderately pre-weighted in favor of disclosure."  *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).  Moreover, the privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege."  *Kerr*, 511 F.2d 192, 198.  Before the Court can consider whether the official information privilege applies, defendants must file a declaration or affidavit setting forth:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality . . . , (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Kelly*, 114 F.R.D. at 670.  If defendants actually want the Court to consider the official information

2

United States District Court
For the Northern District of California

privilege, they must submit more than the merely conclusory assertions currently before the Court. As defendants have failed to satisfy the threshold declaration requirement, the Court rejects defendants' official information privilege argument. *See Tillis v. LaMarque*, 2006 WL 1050153 *2 (N.D. Cal. April 20, 2006). Even if the Court were to reach the issue, it is highly unlikely the official information privilege would apply here because defendants' personnel records and documents relating to prior complaints of excessive force are quite likely to lead to the discovery of admissible evidence related to plaintiff's claims against the individual officers as well as to plaintiff's *Monell* liability claim against the city. Plaintiff's need for the documents is far greater than that of the plaintiffs in *Sanchez*, where already-available statistical data meant that the plaintiffs had no need to look through the employee personnel files of non-parties. *See Sanchez*, 936 F.2d at 1034. Moreover, "[i]n cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable." *Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005).

Next, defendants argue that the documents are protected by the deliberative process privilege. This privilege applies to the *mental processes* of an executive or administrative decision-maker functioning in a manner akin to a judge arriving at a judicial decision. *See Franklin Sav. Ass'n v. Ryan*, 922 F.2d 209, 211-12 (4th Cir. 1991). This privilege is patently inapplicable to this case, where the documents in question are unrelated to the probing of the mental processes of an executive decision-maker.

As for the self-critical analysis privilege, the Ninth Circuit has never approved its use. In *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425 n.1 (9th Cir. 1992), the court noted that the self-critical analysis privilege has not been accepted by the Ninth Circuit. More recently, the Ninth Circuit affirmed that it had not recognized this "novel privilege." *See Union Pac. R.R. v. Mower*, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000); *see also Granberry v. Jet Blue Airways*, 228 F.R.D. 647, 650 (N.D. Cal. 2005) ("it is unlikely that the self-critical analysis privilege exists"); *Price v. County of San Diego*, 165 F.R.D. 614, 618-19 (S.D. Cal. 1996) (listing district court cases within the Ninth Circuit declining to apply self-critical analysis privilege and noting that "even where a self-critical analysis privilege has been held to exist in other Circuits, that privilege is clearly limited to expressions of opinion or recommendations, and not to facts underlying such opinions or recommendations"). As the self-critical

**United States District Court**
For the Northern District of California

1   privilege has not been adopted in the Ninth Circuit, this Court will not apply it to the documents at issue.

2   Even if the Court were to recognize this privilege, it would not be applicable here because the personnel

3   records of these police officers are not expressions of opinion or recommendations, and the records are

4   not the result of a "critical self-analysis undertaken by the party seeking protection." *Dowling*, 971 F.2d

5   at 426.  Moreover, the burden is on defendants to establish that the privilege applies, *Granberry*, 228

6   F.R.D. at 650 (citing *Dowling*, 971 F.2d at 425-26), and defendants have made no attempt to meet their

7   burden.

8        Finally, defendants assert that their rights of privacy will be infringed by the release of these

9   documents.  Defendants cite no authority for this proposition, and the Court rules that these materials

10  are not protected by the defendants' privacy rights because "[i]n cases involving section 1983 claims,

11  courts have repeatedly held that police personnel files and documents are relevant and discoverable."

12  *Green*, 226 F.R.D. at 644.  In any event, the balancing of defendants' privacy rights against plaintiff's

13  need for information about prior uses of excessive force and officer training would necessarily weigh

14  in plaintiff's favor because such information is likely to lead to the discovery of admissible evidence

15  and unlikely to be discovered in any other fashion.  *See Megargee v. Wittman*, 2007 WL 2462097 *2

16  (E.D. Cal. Aug. 27, 2007) ("Complaints and investigations relating to excessive force are relevant and

17  discoverable.").

18        Having found that no privileges apply to the documents submitted to the Court by defendants,

19  and that these documents are likely to lead to the discovery of admissible evidence, the Court rules that

20  defendants must disclose the documents relating to excessive force or similar claims, as well as

21  documents relating to defendants' training.  If plaintiff so requests, defendants must also disclose public

22  complaints of excessive force committed by other East Palo Alto officers.  In addition, defendants must

23  disclose any other documents mentioned in the *Palo Alto Daily News* article whose contents have been

24  disclosed to the public already, such that any privileges would have been waived.  Defendants are also

25  compelled to answer questions regarding their employment history, their prior use of excessive force,

26  and prior citizen complaints filed against them, as any question of privacy or privilege regarding

27  personnel files does not pertain to deposition testimony about that information.  In the future, if

28  defendants believe in good faith that certain specific documents are privileged, they must create a

privilege log and file a motion for a protective order as to those specific documents.

**2.      Clarification of special interrogatories**

Plaintiff asks the Court to compel defendants to resubmit their answers to special interrogatories involving when defendant Frayer had observed plaintiff commit criminal acts.  The Court recommends that plaintiff re-submit additional interrogatories clarifying with specificity the timing of defendant's observation.  Defendant must answer these questions and must construe the "time of the arrest" to be the time Frayer actually effected an arrest, i.e. placed plaintiff in handcuffs and escorted him towards the patrol car.  Frayer has already acknowledged, for instance, that he did not observe evidence of drug activity until after plaintiff was cuffed and arrested.

**CONCLUSION**

For all of the foregoing reasons, and for good cause shown, defendants' objections are DENIED [Docket Nos. 60, 62, 63].  Should he wish to do so, plaintiff may resubmit more specific special interrogatories regarding what defendant Frayer knew at the time he arrested plaintiff.

**IT IS SO ORDERED.**

Dated: November 20, 2007

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California