IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RANDOLPH SR, | No. C 06-07476 SI |
|     Plaintiff, | **ORDER RE: DISCOVERY** |
|     v. | |
| CITY OF EAST PALO ALTO, et al., | |
|     Defendants. | |

On November 20, 2007, the Court issued an order compelling defendants to produce documents related to excessive force claims brought against defendant officers, as well as documents in the officers' personnel files related to their training. Both parties have since asked the Court to resolve discovery disputes that have arisen since the issuing of that order. The Court will address each dispute in turn.

Defendants ask the Court to rule that the officers' personal information may be redacted from the documents found in their personnel files. The Court agrees that personal information, such as defendants' telephone numbers, home addresses, and social security numbers, should be redacted before the documents are disclosed to plaintiff, and GRANTS this request. Defendants also ask the Court to modify its prior order to state that the officers' personnel files, as well as the internal police department study conducted in 2000, are to be used only for litigation purposes and are not to be made public. Plaintiff does not seriously contest this request, other than to argue that these documents were already disclosed to the public. A mention of the *existence* of certain documents in a newspaper article does not disclose the *contents* of those documents, however, and the Court agrees that a protective order may be necessary with regard to these documents. Accordingly, the Court will sign a protective order –

outlining a procedure for defendants to designate certain documents as confidential – if the parties submit one. If the parties cannot stipulate to a protective order, defendants may submit the standard protective order from the Northern District's website for the Court to sign. The Court is aware that defendants may not have time to submit a protective order and comply with the December 7, 2007 discovery deadline; accordingly, plaintiff must treat the personnel files and 2000 internal study as confidential until the protective order goes into effect.

Plaintiff asks the Court to compel defendants to turn over public complaints of excessive force filed against East Palo Alto officers and materials from a 2003 grand jury investigation in San Mateo County. The Court's prior order clearly stated that "[i]f plaintiff so requests, defendants must also disclose public complaints of excessive force committed by other East Palo Alto officers." November 20, 2007 Order at 4. These public complaints, though not related to the individual officers named in this suit, are likely to lead to the discovery of admissible evidence that would be relevant to plaintiff's claim of *Monell* liability. The Court therefore GRANTS plaintiff's request for public complaints filed against other officers; as with the documents discussed above, personal information may be redacted from these documents and defendants may designate them as confidential pursuant to a protective order. Plaintiff must also keep them confidential until the protective order is in place.

As to plaintiff's request for materials from the grand jury investigation, the Court notes the rule that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979); *see also In re Special Grand Jury*, 674 F.2d 778, 781 (9th Cir. 1982) (noting the "long-standing rule of secrecy of the grand jury"). Based on this rule, the Court DENIES plaintiff's request. The mere mention of a grand jury proceeding in a newspaper article does not mean that defendants have disclosed the contents of the investigation to the public.

Finally, plaintiff asks the Court to order the parties to conclude the depositions of defendant Brian Frayer and Chief Ron Davis before the discovery cut-off date of December 7, 2007. The Court DENIES plaintiff's request. Defendants have agreed to conduct these depositions after the discovery cut-off date, but have stated that they cannot do so prior to December 7 due to scheduling difficulties. The Court agrees with defendants that it would not be a problem to schedule these depositions after the

discovery cut-off date. To ensure that the depositions will occur soon, however, the Court orders defendants to produce the witnesses on or before December 21, 2007. Defendants must comply with all other discovery requests by December 7, 2007.

**CONCLUSION**

For all of the foregoing reasons, and for good cause shown, defendants' motions are GRANTED IN PART [Docket No. 71]. Plaintiff's motions are GRANTED IN PART and DENIED IN PART [Docket No. 72].

**IT IS SO ORDERED.**

Dated: December 5, 2007

SUSAN ILLSTON
United States District Judge