IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RANDOLPH, SR., | No. C 06-07476 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| CITY OF EAST PALO ALTO, et al., | |
| Defendants. | |

On November 20, 2007, the Court issued an order compelling defendants to produce documents related to excessive force claims brought against defendant officers, as well as documents in the officers' personnel files related to their training. Currently before the Court is plaintiff's letter brief requesting that the Court compel defendants to comply with that order and compel defendants to produce additional documents not previously sought by plaintiff. The Court will address each issue in turn.

Plaintiff first complains that defendants produced a box of documents to plaintiff without proof of service and verifications and without placing them "as they are kept in the usual course of business" or "organize[d] and label[ed] to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Defendants do not dispute that the documents were improperly organized, and instead focus entirely on Federal Rule of Civil Procedure 26, which deals with disclosures and objections, not the actual production of evidence. The requirements of Rule 34 are mandatory. Therefore, the Court orders defendants to comply with Rule 34 by organizing the documents in a proper manner. The Court is unaware, however, of any rule requiring a party to affix serial numbers, seals, or any other proof of authenticity to evidence produced to an opposing party, and plaintiff has not cited any such rule.

Plaintiff will have to authenticate such documents at trial as he would any evidence.

Next, plaintiff seems to argue that defendants have failed to produce documents relating to the investigation into the incident at issue in this case and any disciplinary actions taken against defendants Frayer and Fong. Defendants assert that no such documents exist. The Court finds that *any* documents relating to disciplinary actions taken against these officers, as well as any documents touching upon reasons why these officers may have left the East Palo Alto Police Department, may be relevant and must be produced to plaintiff within one week of the date of this order.

Plaintiff also requests production of documents relating to defendant Frayer's attitude towards the public. Plaintiff did not previously seek discovery of such documents; accordingly, the Court in its November 20, 2007 Order noted that these documents did not need to be produced. The Court also noted that such documents are not likely to lead to relevant and admissible evidence, but the Court now revisits that decision and agrees with plaintiff that complaints about defendant Frayer's attitude toward the public could be relevant to plaintiff's lawsuit. Defendants object that such information would be inadmissible at trial, but the admissibility of these documents is not at issue in this stage of the proceedings. *See* Fed. R. Civ P. 26(b). Defendants are ordered to produce these documents within one week of the date of this order.

Finally, plaintiff moves for sanctions against defendants in connection with these discovery matters. Plaintiff's motions for sanctions are DENIED.

## CONCLUSION

For all of the foregoing reasons, and for good cause shown, plaintiff's motions are GRANTED IN PART and DENIED IN PART [Docket No. 77].

**IT IS SO ORDERED.**

Dated: January 25, 2008

SUSAN ILLSTON
United States District Judge

2