**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   REGINALD RANDOLPH, SR.,                     No. C 06-7476 SI

9              Plaintiff,                        **FINAL PRETRIAL SCHEDULING
                                                 ORDER**
     v.
10
    CITY OF EAST PALO ALTO; EAST PALO
11  ALTO POLICE DEPARTMENT; OFF.  BRIAN
    SCOTT FRAYER; SGT.  KEVIN FUNG; AND
12  OFF. STEPHEN KALB,

13             Defendants.
                                              /
14

15       On April 1, 2008, the Court held a final pretrial conference in the above captioned matter, which

16  is set for jury trial beginning April 14, 2008.  Defendants were represented by counsel; plaintiff's

17  counsel appeared by phone for part of the conference.[1]  The following matters were resolved:

18

19       1.    **Number of jurors and challenges**:  There shall be a jury of 7 members.  Each side shall

20  have up to four peremptory challenges.

21

22       2.    **Voir dire**:  The court will conduct general voir dire, and counsel for each side shall have

23  up to 20 minutes total to question the panel.

24

25       3.    **Jury instructions**:  Counsel have submitted certain joint proposed jury instructions.  No

26  ───────────────

27       [1] The day before the conference, the Court inquired whether counsel would agree to reschedule
    the conference until later in the week.  The chosen date was not convenient to plaintiff's counsel, so the
    conference was left on calendar as originally set.  Both counsel were so informed by email at about
28  10:00 a.m. on April 1, 2008.  Plaintiff's counsel apparently did not get the message.

later than **Wednesday, April 9, 2008**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before April 9, 2008.

4.      **Trial exhibits**:  No later than **April 11, 2008**, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5.      **Timing of trial**: Plaintiff estimated that the trial should take 7 days and the Court agrees. Based on the claims remaining in the case after summary judgment, the Court believes that the matter can be tried in 7 days, including the punitive damage questions. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 10 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument. In the event a punitive damage phase is required, each side shall have up to 15 minutes for opening statement; up to 1 hour to present evidence; and up to 30 minutes for closing argument.

6.      **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

2

**United States District Court**
For the Northern District of California

1    7.    **Motions in limine**:   The parties filed 16 motions in limine.  No argument was heard on

2   the motions; they were decided on the papers filed by the parties.  The Court rules as follows:

3       **Plaintiff's motions:**

4       **1.  Plaintiff's motion to exclude all evidence, reference or argument relating to**

5   **plaintiff's prior felony convictions**: Plaintiff has sustained three prior felony convictions, in 1984

6   (receipt of stolen property), 1990 (robbery) and 2000 (aggravated assault).  Plaintiff seeks to exclude

7   reference to them for impeachment purposes, based on their age and because the sentence for the most

8   recent conviction was less than one year in prison.   Defendants contend that all three felonies would

9   be proved up not for impeachment purposes, but to explain plaintiff's "bizarre" behavior in running

10  away from the police when they tried to arrest him.  Since the primary disputed issues to be tried relate

11  to what happened <u>after</u> plaintiff was caught and cuffed (i.e., did defendants trip him, or did he purposely

12  go limp), his motivation to flee based on potential three strikes liability is not materially relevant.  The

13  prior felony convictions are more prejudicial than probative for those evidentiary purposes and the Court

14  excludes them based on FRE 403.  The Court agrees that the 1984 and 1990 convictions are over ten

15  years old and may not be used for impeachment under FRE 609.  However, the 2000 conviction for

16  assault with a deadly weapon is admissible to show character for truthfulness because even in plaintiff

17  did not serve a year in prison, it is uncontested that the conviction was punishable by a year in prison;

18  thus, the 2000 conviction may be admitted for this purpose.  FRE 609.

19      **2.  Plaintiff's motion to exclude testimony of defense expert Martinelli:** Plaintiff

20  seeks to exclude defendants' police practices expert on the ground that he will invade the province of

21  the jury.  This motion is DENIED, without prejudice to specific objections to specific questions at time

22  of trial, should questions eliciting improper conclusions be asked.

23      **3. Plaintiff's motion to exclude testimony of defense expert Doherty:** Plaintiff seeks

24  to exclude defendants' biomechanical expert on the ground that he is not a medical doctor.  However,

25  he is prepared to testify concerning the forces required to produce the injuries plaintiff sustained, and

26  his expertise appears appropriate.  This motion is DENIED, without prejudice to specific objections to

27  specific questions at time of trial, should questions eliciting improper opinions be asked.

28      **4. Plaintiff's motion to exclude illegal drugs and paraphernalia found in plaintiff's**

3

**United States District Court**
For the Northern District of California

**car:** Defendants argue that the illegal drugs would explain plaintiff's motive to resist arrest. However, for the reasons discussed in Motion No. 1, above, plaintiff's motive to run away is no longer central to the case, and plaintiff's behavior in "going limp" – if he did – would not be explained by his fear of three strikes punishment. Accordingly, this evidence is more prejudicial than probative and the motion to exclude is GRANTED. FRE 403.

**5.   Plaintiff's motion to exclude character witness Sowande Brown-Lawson:** Defendants propose to call this witness to testify that defendant Frayer is not a racist. This is not permissible character evidence under FRE 608. The motion to exclude is GRANTED.

**6.  Plaintiff's motion to exclude medical records:** Plaintiff contends that defendants plan to offer plaintiff's medical records without proper authentication. However, defendants respond that they will call a custodian to authenticate the records, and that their experts have relied upon these records in formulating their opinions. The motion to exclude is DENIED.

**7. Plaintiff's motion to exclude nurses:** Plaintiff seeks to exclude testimony by any of the nurses who cared for him, on the basis that they are not capable of diagnosing or prescribing medication. However, these nurses are apparently percipient witnesses who can testify to what they saw, heard and did. This motion is DENIED, without prejudice to specific objections to specific questions at time of trial, should questions eliciting improper opinions be asked.

**Defendants' motions:**

**1.   Defendants' motion to preclude mention of dismissal of underlying charges:** Defendants claim that the dismissal of the charges is not relevant, since probable cause is no longer at issue. The Court agrees that dismissal of the charges is not relevant to whether the defendants used excessive force after handcuffing plaintiff. However, the fact that the charges were dismissed is part of the background evidence in the case and is not unduly prejudicial. The motion is DENIED.

**2.   Defendant's motion to preclude introduction of two prior excessive force complaints against Frayer:** Two prior excessive force complaints were lodged against Officer Frayer; he was exonerated by the Police Department in both cases. Both complaints involved alleged improper use of pepper spray. As such, neither is relevant to whether Frayer used excessive force on plaintiff in

4

**United States District Court**
For the Northern District of California

1  this case and they will be excluded for that purpose.  However, they might be relevant to claims of

2  racism (both complainants were African-American) and to claims that the City of East Palo Alto failed

3  properly to train its officers or ratified their actions.  Plaintiff will not be precluded from examining

4  Frayer about these complaints, but upon request the Court will give a limiting instruction as to their

5  relevance.

6  **3.  Defendants' motion to preclude plaintiff from introducing into evidence or**

7  **mentioning the Study of the East Palo Alto Police Department conducted in 2000:** This motion is

8  GRANTED based on FRE 403.  The report is dated, its relevance to anything specific to this case is

9  attenuated, and its admission would lead to confusion of issues and the undue consumption of time.

10  **4.  Defendants' motion to preclude plaintiff from claiming lack of probable cause**

11  **to arrest:** This Court has already found that defendants had probable cause to arrest plaintiff.  Hence

12  the motion is GRANTED.

13  **5.  Defendants' motion to exclude plaintiff's expert Greenwald:**  Defendants appear

14  to assert that plaintiff failed to timely disclose Dr. Greenwald as an expert.  It is undisputed that he was

15  a percipient witness (a treating physician) and was deposed at some length.  Under these circumstances,

16  the motion to exclude him is DENIED, without prejudice to specific objections to specific questions at

17  time of trial, should questions eliciting improper opinions be asked.

18  **6.  Defendants' motion to allow evidence of plaintiff's prior convictions:** See

19  discussion of plaintiff's Motion No. 1.

20  **7.  Defendants' motion to preclude plaintiff from introducing evidence of prior**

21  **complaints against non-defendant officers of the police department:** GRANTED.  FRE 403.

22  **8.  Defendants' motion to preclude reference to hearing before Judge Schwartz on**

23  **6/16/06:** GRANTED.  FRE 403.

24  **9.  Defendants' motion to preclude evidence of the November 6, 2007 newspaper**

25  **article**: GRANTED, unless relevant to impeach Davis testimony at trial.  This article is not to be

26  mentioned at all without prior permission of the Court.

27

28  8.  **Motion for separate trials:** Defendants seek to bifurcate the liability phase of the trial,

1  into claims against defendant Frayer (phase 1) and claims against the City of East Palo Alto and

2  defendant Fung (phase 2).  In the event that they found it appropriate, there would also be a third phase

3  for punitive damages.  The motion is DENIED.  There would be substantial duplication and repetition

4  if the trial were broken up in this way.  Any prejudice can be avoided by appropriate limiting

5  instructions.   The punitive phase will be bifurcated.

6

7      **IT IS SO ORDERED.**

8

9  Dated: April 3, 2008

10

11  SUSAN ILLSTON
    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**United States District Court**
For the Northern District of California