IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RANDOLPH, SR., | No. C 06-07476 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| v. | |
| CITY OF EAST PALO ALTO, et al., | |
| Defendants. | |

Defendants move for judgment as a matter of law on some of plaintiff's remaining claims against defendants Brian Scott Frayer, Kevin Fung, and the City of East Palo Alto. Plaintiff has been fully heard on the issues, and the Court agrees that judgment as a matter of law is appropriate on certain of plaintiff's claims. The Court GRANTS defendants' motion as to plaintiff's claims for racial discrimination under 42 U.S.C. §§ 1981 and 1983 and the California Unruh Act because plaintiff has put forth no evidence suggesting that defendant Frayer was racially motivated. The Court GRANTS defendants' motion as to plaintiff's § 1983 claim for supervisory liability against defendant Fung, because plaintiff put forth no evidence suggesting that Fung was involved in the alleged use of excessive force, knew of the violations ahead of time, or implemented a policy that was the force behind the violation. The Court also GRANTS defendants' motion as to plaintiff's *Monell* claim based on defendant Fung's ratification because plaintiff has put forth no evidence suggesting that Fung had final policy-making authority. However, the Court DENIES defendants' motion regarding the *Monell* claim insofar as the City could be liable for the police chief's ratification of defendant's Frayer's behavior. At trial, Chief Davis testified that he had final decision-making authority and that he approved Frayer's actions. Finally, the Court GRANTS defendants' motion for judgment as a matter of law as to plaintiff's

claim against the City for negligent training and supervision.

Accordingly, the claims remaining in this action include plaintiff's claims against defendant Frayer for excessive force and battery, and plaintiff's *Monell* claim against the City for Chief Davis' ratification of Frayer's conduct.  Also remaining are plaintiff's claims against Frayer for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, insofar as these claims relate to Frayer's alleged use of excessive force and battery.

## CONCLUSION

The Court GRANTS in part and DENIES in part defendants' motion for judgment as a matter of law [Docket No. 188].

**IT IS SO ORDERED.**

Dated: May 7, 2008

SUSAN ILLSTON
United States District Judge