**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD RANDOLPH, SR., | No. C 06-07476 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR A NEW TRIAL** |
| v. | |
| CITY OF EAST PALO ALTO, et al., | |
| Defendants. | |

Plaintiff has filed a renewed motion for judgment as a matter of law and a motion for a new trial. The motions are scheduled for hearing on August 15, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motions.

**BACKGROUND**

A jury trial was held in this case from April 21, 2008 to May 8, 2008, though court was not in session every day within that period of time. Plaintiff Reginald Randolph claimed that defendant Brian Frayer, a police officer for the East Palo Alto Police Department, used excessive force and committed a battery while arresting plaintiff, that Frayer was negligent in causing plaintiff's injuries during the arrest, and that Frayer intentionally or negligently caused him emotional distress. Plaintiff also claimed that Chief Davis of the East Palo Alto Police Department ratified defendant Frayer's use of excessive force. The jury returned a verdict in favor of defendants on all of plaintiff's claims. Prior to the verdict, the Court had also granted in part defendants' motion for judgment as a matter of law, finding that

1 plaintiff had failed to put on evidence to show that Frayer was racially motivated, that defendant Kevin
2 Fung could be liable as a supervisor under 42 U.S.C. § 1983, that the City of East Palo Alto could face
3 *Monell* liability for the actions of Fung, and that the City could be liable for negligent training and
4 supervision. *See* May 7, 2008 Order, Docket No. 192. Now before the Court are plaintiff's renewed
5 motion for judgment as a matter of law and plaintiff's motion for a new trial.

**LEGAL STANDARD**

**I.     Motion for judgment as a matter of law**

In reviewing a renewed motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id.* The question is whether there is substantial evidence to support the jury finding for the non- moving party. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F. 3d 1222, 1227 (9th Cir. 2001). In ruling on such a motion, the trial court may not weigh the evidence or assess the credibility of witnesses in determining whether substantial evidence exists to support the verdict. *See Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir. 1984). Substantial evidence is more than a scintilla of evidence. *See Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Chisholm Bris. Farm Equip. Co. v. Int'l Harvester Co.*, 498 F.2d 1137, 1140 (9th Cir. 1974). Rather, it is defined as such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. *See Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

**II.    Motion for new trial**

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59 gives the trial judge the power to prevent a miscarriage of justice. *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246 ( 9th Cir. 1957). A new trial may be ordered

2

to correct manifest errors of law or fact, but "the burden of showing harmful error rests on the party seeking the new trial." *Malhiot v. Southern Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984). A motion for new trial may invoke the court's discretion insofar as it is based on claims that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair . . . and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Where a movant claims that a verdict is against the clear weight of the evidence, a new trial should be granted where, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987).

The authority to grant a new trial under Rule 59 "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980) (per curiam); *see Vickery v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) (trial court has "wide judicial discretion" in considering new trial motion). A trial court may grant a motion for a new trial if the verdict is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Roy v. Volkswagen of America, Inc.*, 896 F.2d 1174, 1176 (9th Cir. 1990) (quoting *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976)).

**DISCUSSION**

**I.   Plaintiff's renewed motion for judgment as a matter of law**

Having first moved for judgment as a matter of law at the close of evidence, plaintiff now brings a renewed motion for judgment as a matter of law under Rule 50(b) on his claims of excessive force, ratification by Chief Davis, racial discrimination, and various state law claims for battery and infliction of emotional distress. For the following reasons, the Court finds that the jury's verdict should not be overturned.

Plaintiff first argues that he is entitled to judgment as a matter of law on his cause of action for excessive force. Plaintiff argues that his own testimony and that of an alleged eye-witness is more

3

persuasive than the testimony of defendant Frayer regarding the cause of his injuries, that Frayer's testimony was inconsistent, and that other evidence supports plaintiff's contention that Frayer used excessive force. The Court notes that it will not weigh the credibility of the witnesses, and finds that the evidence presented at trial was sufficient for a reasonable juror to conclude that Frayer did not use excessive force in arresting plaintiff. The motion is DENIED as to plaintiff's excessive force claim.

Plaintiff argues that the Court should grant his motion for judgment as a matter of law on the question whether Chief Davis ratified defendant Frayer's unconstitutional conduct. Because there was sufficient evidence for the jury to find that Frayer did not use excessive force, there was no unconstitutional conduct for Chief Davis to ratify, and plaintiff's motion with regard to ratification must be DENIED.

Plaintiff next argues that he is entitled to judgment as a matter of law on his racial discrimination claim. Plaintiff argues that prior complaints made against Frayer by racial minorities demonstrate that Frayer acted with racial animus when he used excessive force against plaintiff. The Court previously granted defendants' motion for judgment as a matter of law on this question, and again finds that aside from evidence of prior complaints about Frayer, plaintiff provided no evidence that Frayer's interaction with plaintiff on the day in question was racially motivated. Accordingly, plaintiff's motion is DENIED with regard to his racial discrimination claim.

Finally, plaintiff argues that judgment should be entered in his favor on his state law claims because they are supported by the same evidence that supports his federal law claims. For the reasons discussed above, a reasonable juror could have found for defendants on plaintiff's state law claims, and the Court DENIES the motion for judgment as a matter of law on the state law claims.

## II.     **Plaintiff's motion for a new trial**

Plaintiff moves for a new trial pursuant to Federal Rule of Civil Procedure 59. Plaintiff argues that a new trial should be granted for a number of reasons, including improper conduct on the part of defendants. The Court will address in turn each of plaintiff's proposed grounds for granting a new a

4

trial.[1]

As an initial matter, the Court notes that plaintiff's motion for a new trial is based in part on plaintiff's arguments that the weight of the evidence submitted at trial favors plaintiff and that the jury should have returned a verdict against defendants. These arguments are identical to the arguments raised in plaintiff's renewed motion for judgment as a matter of law. Accordingly, for the reasons discussed above, the Court DENIES plaintiff's motion for a new trial on these grounds.

Plaintiff argues that a new trial should be granted because defendants' attorney characterized the area where plaintiff was arrested as a high-crime area with gang activity. The Court DENIES plaintiff's motion on this ground. The jury heard testimony from some witnesses, including defendant Frayer, that the area was a high-crime area; it also heard some contrary testimony. The argument was not improper and the jury could decide the issue itself. In addition, the jury was properly instructed on what evidence it could consider.

Plaintiff next argues that a new trial should be granted because defendants improperly argued during closing argument that plaintiff never mentioned the use of excessive force in his citizen complaint submitted to the police department after the incident. Plaintiff contends that this argument was improper because defendants allegedly failed to produce nine additional pages of plaintiff's citizen complaint, pages that plaintiff claims discuss the use of excessive force. Defendant denies the existence of the disputed nine pages, and plaintiff has provided no indication that he previously moved to compel the production of this allegedly missing document. More to the point, since plaintiff claims he drafted the document and since the report in question reflects a copy having been given to plaintiff, if plaintiff

---

[1] Plaintiff argues that defendants' opposition to plaintiff's motions, as well as the declaration of defendants' attorney submitted in support of the opposition to the motion for a new trial, should be disregarded because they were not timely filed. Plaintiff relies on Rule 59(c), which provides that when "a motion for a new trial is based on affidavits, they must be filed with the motion" and that the "opposing party has 10 days after being served to file opposing affidavits," which period may be extended to 20 days by the court. Fed. R. Civ. P. 59(c). Defendants did not file their oppositions until July 9, 2008, more than 10 days after defendants were served with plaintiff's affidavit in support of his motion for a new trial. However, plaintiff points to nothing in this rule that applies to defendants' opposition briefs, as opposed to defendants' declaration. In addition, nothing in Rule 59(c) indicates that it applies to motions for judgment as a matter of law. Finally, the Court continued both of plaintiff's motions to August 15, 2008, shortly after plaintiff filed them, therefore indicating to defendants that they would not need to file their opposition papers until July 25, 2008, pursuant to Civil Local Rule 7-3. For these reasons, the Court OVERRRULES plaintiff's objection to defendants' opposition briefs.

had the document in his possession, he should have introduced it into evidence at trial. Regardless, the Court finds that any error does not amount to a miscarriage of justice, and DENIES the motion for a new trial on this ground.

Plaintiff also argues that the Court should grant a new trial because defendants improperly held a videotaped deposition of Dr. Paul Linquist at a time when one of plaintiff's attorneys was ill and could not attend the deposition to cross-examine the doctor.[2] Plaintiff has presented no evidence that defendants prevented him from appearing at the deposition or that defendants failed to provide him with notice of the deposition. Instead, plaintiff argues that defendants should have coordinated the deposition with the lead attorney's co-counsel. The Court DENIES plaintiff's motion for a new trial on this ground because plaintiff's attorney had notice of the deposition and could have sent his co-counsel to the deposition if he was too sick to attend. Moreover, plaintiff's counsel could have asked the Court for an order rescheduling the deposition if neither attorney was able to attend.

Lastly, plaintiff moves for a new trial on grounds that defendants should not have moved to exclude prior citizen complaints against defendant Frayer due to plaintiff's failure to authenticate the documents, which plaintiff alleges defendants knew were authentic. The Court DENIES plaintiff's motion on this ground because plaintiff was obligated to authenticate the documents, and his failure to do so is not grounds for a new trial.

## CONCLUSION

For all of the foregoing reasons, the Court hereby DENIES plaintiff's renewed motion for judgment as a matter of law [Docket No. 200] and DENIES plaintiff's motion for a new trial [Docket No. 201].

**IT IS SO ORDERED.**

Dated: August 8, 2008

SUSAN ILLSTON
United States District Judge

---

[2] Defendants later argued to the jury that plaintiff had failed to mention to Dr. Linquist that he had been injured by the use of excessive force.

6